34C01- 1 7 0 4 -PL- 0 0 3 6 4

**CCS ENTRY FORM**
**HOWARD COUNTY CIRCUIT/SUPERIOR COURT**

CAUSE NUMBER(S):

CAPTION:
Brandon Shaffer & Andrew Roach
V.
City of Kokomo, Kokomo Police Dept., Teresa Galloway, Jason Burton, Jordyn Roach, Howard County Sheriff's Dept., Roy Smith, Ezekiel Zimmerman,  Howard County Indiana

**Filed Stamp Here**

# FILED

APR 1 7 2017

KIM WILSON
Clerk Howard Cir. Court

---

The activity of the Court should be summarized as follows on the Chronological Case Summary (CCS):

*Attorney Blake N. Dahl ∴ of the Law Firm of Fred W. Grady & Associates, PC., files his*
*APPEARANCE, *COMPLAINT, * SUMMONS*

| | |
|---|---|
| **Submitting Attorney**: | Blake N. Dahl ∴ |
| | BMO-Harris Bank Building, Suite One |
| | 750 S. Washington St. |
| | Valparaiso, IN  46383 |
| | T. 219-462-2460   F. 866-462-6197    email. bdahl@fwgpc.com |

**Opposing Counsel:**

**Jason Burton**
1500 S Armstrong St.
Kokomo, IN 46901

**City of Kokomo**
Greg Goodnight
100 S. Union St.
Kokomo, IN 46901

**Kokomo Police Dept.**
Chief Robert Baker
100 S. Union St.
Kokomo, IN 46901

**Teresa Galloway**
10663 E 1400 S
Galveston, IN 46932

**Jordyn Roach**
601 W Defenbaugh St
Kokomo, IN 46902

**Howard County Sheriff's Dept.**
1800 W Markland Ave
Kokomo, IN 46901

**Roy Smith**
100 S. Union St
Kokomo, IN 46901

**Howard County Indiana**
220 N. Main St.
Kokomo, IN 46902

**Ezekiel Zimmerman**
1800 W Markland Ave
Kokomo, IN 46901

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(TO BE DESIGNATED BY THE COURT)
This CCS Entry Form shall be:
[   ]  Placed in the file
[   ]  Discarded after entry on the CCS
[   ]  Mailed to all counsel by: ___Counsel ___Clerk ___Court
[   ]  There is no attached order; or
[   ]  The attached order shall be placed in the RJO _____Yes _____No

DATE: _____        APPROVED: _____
                                                                        JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



EXHIBIT
A
ALL-STATE LEGAL®

### CERTIFICATE OF SERVICE

I certify that on the 17th day of APRIL, 2017, service of a true and complete copy of the above foregoing pleading or paper was made upon each party or attorney of record herein by depositing the same in the United States Mail/Courthouse mail in envelopes properly addressed to each of them and with sufficient mail first class postage affixed.   I further hereby certify that the foregoing document complies with the requirements of Trial Rule 5 (G) with regard to information excluded from the public record under Administrative Rule 9(G).

STATE OF INDIANA           )
                           ) SS:
COUNTY OF HOWARD           )

HOWARD  CIRCUIT/SUPERIOR  COURT

CAUSE NO:  **34C01**- 1 7 0 4 -PL- 0 0 3 6 4

BRANDON SHAFFER,           )
ANDREW ROACH               )
                           )
          v.               )
                           )
CITY OF KOKOMO,            )
KOKOMO POLICE DEPT,        )
HOWARD COUNTY SHERIFF      )
HOWARD COUNTY INDIANA      )
JASON BURTON in individual and )
In official capacity,      )
TERESA GALLOWAY in individual)
and in official capacity,  )
JORDYN ROACH,             )
ROY SMITH,                )
EZEKIEL ZIMMERMAN         )

# RECEIVED

### APR 2 1 2017

OFFICE OF CORPORATION COUNSEL
KOKOMO, INDIANA

**JURY TRIAL DEMANDED**

## <u>SUMMONS</u>

### IN PROCEEDINGS FOR CIVIL LAWSUIT

The State of Indiana to:      **City of Kokomo**
                              **Attn: Mayor Greg Goodnight or Highest Executive Officer**
                              **100 S. Union St**
                              **Kokomo, IN 46901**

You are hereby notified that you have been sued by the person named as plaintiff and in the court indicated above.
The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the relief
sought or the demand made against you by the plaintiff.  A copy of the Complaint (and, in some cases, other
documents) are attached to or otherwise served with this Summons and contain important details regarding the nature
of these proceedings.

If you do not file a written appearance with the Clerk and serve a copy on the plaintiff's attorney, you may not receive
notice of any further proceedings in this action. If you do not make such an appearance, a final decree could be entered
by default which grants the relief sought the plaintiffs complaint.  An answer or other appropriate response in writing
to the complaint must be filed either by you or your attorney within twenty days, commencing the day after you receive
this summons, (or twenty-three days if this summons was received by mail), or a judgment by default may be rendered
against you for the relief demanded by plaintiff.

Date  4·19·17 _____

_____ ~Kim Wilson~  BS (Seal)
CLERK, HOWARD CIRCUIT/SUPERIOR COURT

The following manner of service is hereby designated:  **US  CERTIFIED  MAIL**

Blake N. Dahl ∴ 30576-64
BMO-Harris Bank Building, Suite One
750 S. Washington St.
Valparaiso, IN  46383      T. 219-462-2460   F. 866-462-6197   email. bdahl@fwgpc.com

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2017, I mailed a copy of this Summons and a copy of the Petition to the party being served, , by mail, requesting a return receipt, at the address furnished by the filing party.

CLERK, HOWARD CIRCUIT/SUPERIOR COURTS

Dated: _____, 2017.          BY: _____
                                                                            Deputy Clerk

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Petition mailed to the party being served, was accepted by the party being served on the day of _____ , _____ 2017 .

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Petition was returned not accepted on the day _____ of _____, 2017

CLERK, HOWARD CIRCUIT/SUPERIOR COURTS

Dated: _____, 2014 .     BY: _____
                                                                            Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within Summons:

    1)   By delivering on _____, 2017, a copy of this Summons and a copy of the Petition to each of the within named person(s).

    2)   By leaving on _____, 2017, for each of the within named person(s) _____ a copy of the Summons and a copy of the Petition at the respective dwelling house or usual place of abode, _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the Summons without the Petition to the said named person(s) at the address listed herein.

    3) This Summons came to hand this date, _____, 2017. The within named _____ was not found in my bailiwick this date, _____, 2017.

ALL DONE IN HOWARD COUNTY, INDIANA.

                          Steve Rogers
                          SHERIFF OF HOWARD COUNTY, INDIANA

                          By:_____

## SERVICE ACKNOWLEDGED

I hereby acknowledge that I received a copy of the within Summons and a copy of the Petition at in_____, Indiana, on this date, _____, 2017.

STATE OF INDIANA          )            HOWARD  CIRCUIT/SUPERIOR  COURT
                          ) SS:
COUNTY OF HOWARD          )            CAUSE NO:   34C01- 1 7 0 4 -PL- 0 0 3 6 4

BRANDON SHAFFER,                    )
ANDREW ROACH                       )
                                   )
          v.                       )
                                   )
CITY OF KOKOMO,                    )
KOKOMO POLICE DEPT,                )
HOWARD COUNTY SHERIFF              )
HOWARD COUNTY INDIANA              )          **FILED**
JASON BURTON in individual and     )
In official capacity,              )          APR 1 7 2017
TERESA GALLOWAY in individual)
and in official capacity,          )          KIM WILSON
JORDYN ROACH,                      )          Clerk Howard Cir. Court
ROY SMITH,                         )
EZEKIEL ZIMMERMAN                  )

## NOTICE OF APPEARANCE

**Party Classification:  Initiating**

1.  The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):  **BRANDON SHAFFER  &  ANDREW ROACH**

2.  Applicable attorney information for service as required by Trial Rule 5(b)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Name:  **BLAKE N. DAHL**                    Atty. Number: 30576-64

Address : BMO-Harris Bank Building, Suite One        Phone: **219-462-2460**
          750 South Washington Street.               Fax: **866-462-6197**
          Valparaiso, IN  46383.                     Email: **bdahl@fwgpc.com**

3.  There are other party members:  Yes ____  No __**__

4.  *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(B)(#):  **PL**
5.  Will Defendant accept service by FAX:  Yes
6.  This case involves support issues.  Yes ____  No ___***
7.  There are related cases.  **NO**
8.  This form has been served on all other parties.  Certificate of Service is attached. Yes __***__  No ____
9.  Additional information required by state or local rule:

                                        Respectfully submitted by:

                            By: _____
                                   Blake N Dahl 30576-64

STATE OF INDIANA        )            HOWARD  CIRCUIT/SUPERIOR  COURT
                           ) SS:
COUNTY OF HOWARD    )        CAUSE NO:   **34C01**- 1 7 0 4 -PL- 0 0 3 6 4

BRANDON SHAFFER,       )
ANDREW ROACH         )
                       )
     v.                 )
                       )
CITY OF KOKOMO,        )
KOKOMO POLICE DEPT,    )
HOWARD COUNTY SHERIFF  )
HOWARD COUNTY INDIANA  )
JASON BURTON in individual and )
In official capacity,        )
TERESA GALLOWAY in individual)
and in official capacity,     )
JORDYN ROACH,         )
ROY SMITH,            )
EZEKIEL ZIMMERMAN    )

F I L E D

APR 1 7 2017

KIM WILSON
Clerk Howard Co 4

## COMPLAINT

Comes now the Plaintiffs Brandon Shaffer and Andrew Roach, by Attorney Blake N. Dahl of the Law Firm of Fred W. Grady & Associates, P.C., and for its complaint against the City of Kokomo, the Kokomo Police Department, Howard County Sheriff's Department, Jason Burton individually and in his official capacity as a Police Officer, Teresa Galloway individually and in her official capacity as a police officer, Roy Smith, Ezekiel Zimmerman, and Jordyn Roach and states as follows:

BACKGROUND FACTS

I.    **Introduction**

1.    This action challenges Defendants' unreasonable searches, unreasonable seizures, unreasonable uses of force, false arrest, intentional infliction of emotional distress, assault, battery, negligent hiring, training and supervision, abuse of process, personal injury, and illegal

conspiracy to violate the civil rights of Plaintiffs Brandon Shaffer and Andrew Roach, malicious prosecution, and civil conspiracy.

2.     Defendants' actions, as complained of herein, violated Plaintiff's rights under the Fourth and Fourteenth Amendments and Second Amendment to the United States Constitution, enforced under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983; and under the laws of the State of Indiana.  Plaintiff seeks prejudgment interest, attorney fees, costs, compensatory damages, and punitive damages.

II.     **Parties**

3.     Plaintiff Brandon Shaffer was, at all relevant times, an adult citizen of the United States and citizen of the State of Indiana.

4.     Plaintiff Andrew Roach was, at all relevant times, an adult citizen of the United States and citizen of the State of Indiana.

5.     Defendant Jordyn Roach, was at all relevant times, an adult citizen of the United States and citizen of the State of Indiana and Relative of Teresa Galloway.

6.     Defendant Teresa Galloway, was at all relevant times, a Police Officer and Captain of the Kokomo Police Department, and a superior officer and policy maker for the Kokomo Police Department and relative of Defendant Jordyn Roach.

7.     Defendant Jason Burton, was at all relevant times, a Police Officer of the Kokomo Police Department.

8.     Defendant Kokomo Police Department at all relevant times is a city/municipal police department in Kokomo Indiana under the control and policy of the City of Kokomo and is a policy maker for the Kokomo Police Department and its Police Officers.

9.     Defendant City of Kokomo Indiana, at all relevant times is a city/municipality in the state of Indiana and is a policy maker for the Kokomo Police Department.

10.    Defendant Howard County Indiana, at all relevant times is a county/municipality police/sheriff's department in the state of Indiana and is a policy maker for the Howard County Sheriff's Department.

11.    Defendant Howard County Sheriff's Department, at all relevant times is a city/municipality in the state of Indiana and is a policy maker for the Kokomo Police Department.

12.    Defendant Ezekiel Zimmerman was at all relevant times, a 911 dispatcher of the of the Howard County Sheriff's Department.

13.    Defendant Roy Smith was at all relevant times, a Police Officer with the Kokomo Police Department

14.    At all relevant times, Defendants Burton, Smith, Galloway, City of Kokomo, Kokomo Police Department: (a) acted within the scope of their employment; (b) acted under the color of state law; and, (c) acted pursuant to the custom, policy, or practice of the City of Kokomo, Indiana, and the Kokomo Police Department.

15.    At all relevant times, Defendants Zimmerman, Howard County Sheriff's Department, and Howard County Indiana: (a) acted within the scope of their employment; (b) acted under the color of state law; and, (c) acted pursuant to the custom, policy, or practice of the Howard County Sheriff's Department, and Howard County Indiana.

16.    Defendants Kokomo Police Department, City of Kokomo, Howard County Indiana, and Howard County Sheriff's Department are governmental units within the State of

3

Indiana, subject to the Constitution of the United States and are empowered to sue and be sued for the acts of their agents.

### III.   Unconstitutional Policies of the Municipalities

17.   Throughout 2014 through 2015 and through the present, Defendants City of Kokomo, Kokomo Police Department, Howard County Sheriff's Department, and Howard County Indiana had customs, policies, and practices that violated the federal rights of United States citizens and that harmed Plaintiffs, in that:

a.   These Defendants hired, supervised, and retained officers employees they knew were likely to violate the rights of citizens of the United States;

b.   These Defendants failed to properly train, hire, supervise, investigate, discipline, or fire officers they knew were likely to violate the rights of citizens of the United States;

c.   These Defendants conspired with others: (a) to illegally retaliate against citizens of the United States whose civil rights their officers had violated; (b) to cover up their police departments' unconstitutional conduct; and (c) to punish citizens of the United States for filing complaints against City of Kokomo, and the Kokomo Police Department, Howard County Sheriff's Department, and Howard County Indiana;

d.   These Defendants refused to investigate allegations that their police department and its officers abused the constitutional rights of United States citizens;

e.   These Defendants conspired with others to violate the constitutional rights of United States citizens by unreasonable searches, seizures, and uses of force; conspiracy, and malicious prosecution;

f.   These Defendants conspired to illegally retaliate against United States citizens that complained about law enforcement misconduct.

### IV.   Operative Facts

18.   That Mr. Andrew Roach ("Andrew"), was married to Ms. Jordyn Roach ("Jordyn") and have children in-common.   That Andrew and Jordyn initiated divorce

4

proceedings in Howard County Indiana on or about September 2014 and said marriage was dissolved on or around May 21st 2015.

19.     That during the pendency of the divorce proceedings, Andrew and Jordyn physically separated and lived at separate residences for some time.  At some point during this period Jordyn lived at the residence of her relative Teresa Galloway ("Galloway"), a Captain/Police Officer of the Kokomo Police Department.

20.     That during the pendency of Andrew and Jordyn's divorce, Galloway attempted to interfere with the outcome of the terms of the divorce in favor of her relative Jordyn by harassing Andrew, threatening him with criminal prosecution and arrest, and unlawfully using her police authority and legal influence to scare, harass, and persuade Andrew into submitting to the divorce terms proposed by Galloway in favor of Jordyn.

21.     That prior to the dissolution of their marriage, Galloway threatened Andrew that she would use her police power and influence to have him arrested if he did not fire his Divorce Attorney and agree to the terms of the divorce as proposed by her and Jordyn.  As a result of this threat, Andrew in-fact terminated his Attorney and acquiesced to their demands.

22.     That during the pendency of the divorce, Galloway called and harassed Andrew on several occasions, including leaving multiple voicemails where she threatened to use her police authority to have him arrested if Andrew did not "play ball" and agree to the terms of the divorce as proposed by Galloway and Jordyn.  That upon learning that Andrew was seeking custody of his children in common with Jordyn, Galloway reminded him that she was a Police Captain with the Kokomo Police Department, that she personally knew all of the Howard County Judges due to her capacity as a Police Officer and that she would talk with the Judge overseeing the divorce to ensure Andrew did not get custody of his children.

23.     That while living in Bradford Run Apartments in Kokomo Indiana during the pendency of the divorce, Galloway sent two Police Officers of the Kokomo Police Department under her command with Jordyn to Andrews home to retrieve personal belongings she claimed as her own.  Andrew not being home, the Officers and Jordyn asked the Apartment complex manager to allow them access to the Apartment but were denied.  As a result of being denied entry, the Officers and/or Jordyn and other unknown parties, physically broke a window in order to gain access to Andrew's apartment and then stole possessions from Andrews apartment which Jordyn alleged belonged to her.  Upon arriving home to see that his apartment had been burglarized, Andrew called Jordan and asked her where his possessions were and why she had taken them; she informed him that the possessions were at her new residence and that she was told by Galloway not to provide Andrew with the address and that she still had additional items at his home that she needed to remove.

24.     Andrew then received a phone call from Galloway, wherein she demanded that Andrew allow Jordyn to enter his home to retrieve additional items and if he refused she would ensure that he was arrested because she knew his driver's license was not valid and he had been driving; further stating that she would be sending *her* Officers to his home to get him.  Andrew called police to report the burglary and asked them to make a report; however, upon arrival and after receiving Andrew's story of the burglary and Galloway's involvement, the Kokomo Police Officer called Galloway to inform her of the situation.  Galloway ordered the Police Officer not to make a report on the burglary because the situation was a civil matter; as such, the Police Officer did not write a report, effectively covering-up a burglary committed by Jordyn while being supervised by Police Officers of the Kokomo Police Department under Galloway's command.

25.     Soon thereafter, two Uniformed Officers of the Kokomo Police Department appeared at Andrew's home, just as Galloway said they would.  The Police Officers stated that Galloway had sent them and that Andrew *had* to let Jordyn enter the apartment but Andrew refused them and they left but returned later stating that they had spoken with Galloway who again said he *had* to allow the Officers and Jordyn entry into his residence but Andrew likewise refused.

26.     After this refusal, the harassing phone calls from Galloway to Andrew increased dramatically (of which some were recorded) wherein Galloway repeated her threats of having Andrew arrested, would have her Officers on the look-out for him, and would continue to interfere with the ongoing divorce.  As a result of the harassing phone calls and threats from Galloway, Andrew made a complaint on Galloway of Police Abuse and Official Misconduct to the Chief of Police of the Kokomo Police Department, Robert Baker, who informed Andrew that the situation would be handled and that he would receive no further harassment from Galloway.  However, no corrective action was taken by the Kokomo Police Department against Galloway for her actions.  Rather, the amount of harassing phone calls and threats from Galloway to Andrew increased with the usual threats of arrest and unlawful influence in his divorce.

27.     As part of the divorce agreement, Andrew agreed to relinquish ownership of one of his vehicles to Jordyn and she would obtain insurance on said vehicle.  Andrew gave ample amount of time to allow Jordyn to obtain insurance on the vehicle and title it in her own name but she neither switched the title nor did she purchase insurance.  Afraid that he would face legal action if she was caught driving his vehicle without insurance, Andrew advised Jordyn that he would be taking his license plate to ensure she put the car in her own name and obtained

7

insurance.  After taking his own license plate from the vehicle, Jordyn became enraged and again asker her Aunt Teresa Galloway to help her get back at Andrew for taking his own license plate.

28.     After the meeting between Galloway and Jordyn, Galloway initiated her campaign of telephonic harassment and threats upon Andrew.  Galloway told Andrew that she and her subordinate Officers would be watching his house to catch him driving with an invalid license so they could arrest Andrew in retaliation for take taking his license plates and to cause him further detriment in his divorce proceedings, specifically as it related to custody of his children.

29.     On or about May 8th 2015 in furtherance of her plan to violate the civil rights of Andrew through abuse of her power as a law enforcement officer, Galloway entered into a Conspiracy with Jordyn to have Andrew arrested by instructing her to call into the 911 center to make a false complaint of theft at a specific time.   While off-duty, out of Kokomo Police Department Jurisdiction, and without probable cause, Galloway telephoned 911 dispatch operator Ezekiel Zimmerman ("Zimmerman") of the Howard County Sheriff's Department and *ordered* him to run a check on Andrew's driver's license to verify if it was valid so she could confirm a reason in which to have him arrested.  Galloway, then informed Zimmerman of her conspiracy and plan to have Andrew falsely arrested and informed him that Jordyn would be calling in to the 911 center to make report of theft against Andrew.  Galloway further instructed Zimmerman to contact Kokomo Police Officer Jason Burton ("Burton"), to inform him of the plan or conspiracy to have Andrew arrested and to then instruct Burton to contact Galloway so she could fill him in on the remaining details of the plan.  Zimmerman complied with the Galloway's request in furtherance of the conspiracy to have Andrew falsely arrested, violate his civil rights, and to unlawfully interfere or complicate the divorce proceedings by contacting

8

Burton and relaying the instructions in the conspiracy to Burton, further stating that he would have Burton dispatched to     Andrew's residence after Jordyn called in with her false report.

30.     In furtherance of the conspiracy, Jordyn in-fact called into 911 dispatch and spoke with Zimmerman, providing him with only bare minimum details of her false accusations and story of theft while not providing enough information about Andrew to properly identify him.  In furtherance of the conspiracy, Zimmerman documented the false allegation and dispatched Burton in response.  After the conspiracy had been set in motion, Galloway again contacted Andrew and threatened him with arrest, stating that she was sending her *boys* out to find him at his home.

31.     In furtherance of the Conspiracy Officer Burton arrived at Andrew's home but instead of finding Andrew (who was not home), he found Andrew's brother Brandon Shaffer ("Brandon").  Brandon activated his cell phone video recorder when he saw Burton approaching the scene and peacefully met Burton outside Andrew's home.  Brandon asked Burton if he had been sent by Galloway to find Andrew and Burton responded that he had been sent by Galloway. Brandon repeated the question but this time raised his cell phone slightly to properly record Burton's statement.  It was at this very moment when Burton realized he was being recorded went into panic mode and became angry.

32.     Burton forcefully grabbed Brandon by the arm, disarmed Brandon (who was open carrying his firearm legally), placed the firearm behind his own back in violation of KPD policy/procedure, and then began to forcefully place Brandon under arrest, in handcuffs, illegally detained and then began to search and interrogate Mr. Shaffer and refused to explain why he was being searched and seized when Officer Burton had no indication or suspicion of the commission of any crime whatsoever only claiming he had the right to detain him (all done in the presence of

9

other citizens nearby).  In the process of wrongly placing Mr. Shaffer into custody by use of force and handcuffs, Officer Burton twisted Mr. Shaffer's arm back at such a degree and with such a force as to cause injury and extreme pain to his shoulder which required Brandon to have physical therapy and requires surgery.

33.     At some point during the illegal search, seizure, and detainment, another KPD Police Officer arrived on the scene believed to be Officer Roy Smith ("Smith") who took possession of Brandon's firearm from Burton.

34.     During the illegal search, Burton discovered Brandon's phone still recording video of the illegal encounter and intentionally turned off the phone/recorder to hide or cover-up any further documentation of the conspiracy and illegal search, seizure, and detainment. After a considerable period of time, Officer Burton and the other Officer released Mr. Shaffer agreeing in-fact, that Mr. Shaffer was not guilty of nor suspected of committing any criminal offense but could not provide him with any information as to why he had been illegally arrested.

35.     Upon being released, Brandon asked for the return of his firearm which had been disassembled down to the smallest component in violation of 34-24-3-1 by Smith, thereby voiding the factory warranty on the firearm and causing damage to Brandon's personal property. Brandon then handed back his firearm to the Smith (in pieces) and requested Smith to reassemble it; Brandon asked Smith why he and Burton had committed the aforementioned offenses against him and Smith laughed and replied "Mainly just to fuck with you".

36.     After the illegal encounter, Brandon began to have severe pain in his shoulder as a direct and proximate cause of Burton's rough and forceful treatment.  Brandon has engaged a Medical Doctor and Physical therapist that have advised him that surgery will likely be his only option to repair the damage done to his shoulder by Burton.  Brandon has suffered ongoing pain

and interference with this daily job and personal life as a result of the injury inflicted upon him by Burton.

37.     A few months after the illegal encounter, Brandon came into contact with Burton at Meijer in Kokomo Indiana and engaged him in conversation.   Burton disclosed to Brandon that he was no longer employed by the Kokomo Police Department but that Galloway is known for engaging in these types of illegal actions and consistently uses Officers under her command to "*do her dirty work*".

38.     Brandon requested a copy of the incident report from the Kokomo Police Department but was denied by the records clerk.

39.     Defendants knew or should have known that their fellow officers had no probable cause to stop, detain, arrest, search, or seize Plaintiff and that their fellow officers had no reason to use any force against him to confine and mistreat him for their own gratification and in furtherance of the conspiracy, but failed to intervene to protect Plaintiff.

40.     Not only did these Defendants, being armed, threaten Plaintiff with the loss of his freedom without probable cause, they caused personal physical injury upon          him, embarrassment, and severe emotional distress.

41.     The City of Kokomo, Kokomo Police Department, Howard County, and Howard County Sheriff's Department had a duty to supervise Defendants Galloway, Burton, Smith, and Zimmerman so as not to create a danger to the public, including Plaintiff, but failed to properly supervise these officers.

42.     Defendants Galloway, Burton, Smith, and Zimmerman, acted willfully, wantonly, oppressively, and with reckless disregard for Plaintiff's federally protected rights.

11

43.     From the date of the aforementioned actions to the present, Defendants conspired to cover up the unreasonable searches, unreasonable seizures, and unreasonable uses of force described above, conspired to cover up other substantially similar unreasonable searches, seizures, and uses of force that occurred in Kokomo Indiana.  In order to further the conspiracy, they committed the following overt acts:

      a.     Defendants lied to other law enforcement officers, during the execution of the conspiracy

      b.     Defendants refused to investigate the abuse and harassment of the Plaintiff

      c.     Defendants refused to discipline Galloway and other Officers for their blatant abuse of power and harassment of the Plaintiff

      d.     Galloway organized the conspiracy, instructed the other Defendants on how to execute their portion of the conspiracy, called into dispatch without probable cause to order a review of the Plaintiff's driving record with unlawful intent, ordered dispatch to contact additional Officers to partake in the conspiracy, and unlawfully used her police authority to order Officers to violate the civil rights of the Plaintiffs in an attempt to have Plaintiff illegally arrested

      e.     Galloway sanctioned the burglary of Plaintiff's home and later covered it up by ordering other Officers not to make a report.

      f.     Galloway interfered with Court proceedings of the Plaintiff by threatening the illegal use of police force.

      g.     Zimmerman executed the conspiracy by knowingly taking the false report of Jordyn, wrongfully pulling a driving record without probable cause, dispatching Officers in furtherance of the conspiracy, and documenting the false allegations in government databases, knowing the information to be false.

      h.     Burton went to the home of the Plaintiff, then violated his civil rights, and attempted to cover-up the illegal action.

44.     As a direct and proximate result of Defendants' outrageous conduct and unreasonable uses of excessive force, unreasonable searches, and unreasonable seizures described above, Plaintiff suffered severe emotional distress, economic loss, and personal injury.

V.    <u>Counts</u>

*The above mentioned facts are hereby incorporated into all counts below*

### Count I:  Unreasonable Seizures

45.    Defendants Burton and Smith unreasonably stopped and confined Plaintiff without probable cause that Plaintiff had committed any infraction, misdemeanor, or felony worthy of the illegal punishment they gave him.

### Count II:  Unreasonable Searches

46.    Defendants Burton and Smith unreasonably searched Plaintiff without probable cause that Plaintiff had committed any infraction, misdemeanor, or felony worthy of the illegal punishment they gave him.

### Count III:  Unreasonable Uses of Force

47.    Defendant Burton used unreasonable force against Plaintiff when he stopped, confined, viewed, search, seized, and detained him physically resulting in physical injury.

### Count IV:  1983 Conspiracy

48.    Defendants agreed with each other to cover up the unreasonable seizures, searches, and uses of force against Plaintiff when he complained about his abuse and the excessive uses of force and each of them committed at least one overt act to further the conspiracy.  Defendants additional conspired to violated the Plaintiff's civil rights to have him falsely arrested.

### Count V:  Government Unit Liability

49.    Defendants County of Howard Indiana, Howard County Sheriff's Department, City of Kokomo, Kokomo Police Department are liable for the unreasonable searches, seizures,

13

and uses of force described herein because their illegal customs, policies, and practices caused the constitutional violations that harmed Plaintiff.

### Count VI:  Assault and Battery

50.     When Defendants Burton and Smith stopped, confined, viewed, and touched him, while armed and in uniform, they created in Plaintiff the imminent fear of bodily harm and touched him in a manner that caused him personal injury.

### Count VII:  Intentional Infliction of Emotional Distress

51.     Defendants conduct as described above: (a) was extreme and outrageous; (b) was intended to inflict severe emotional distress on Plaintiff; and c) caused Plaintiff severe emotional distress.

### Count VIII:  Illegal Conspiracy

52.     All of Defendants agreed with each other to illegally cover up the assault, battery, and other torts and their abuse against the Plaintiffs and each defendant committed at least one overt act to further the conspiracy as described above.  Defendants agreed to illegally cause legal action to be initiated against the Plaintiff through false arrest and violation of civil rights.

### Count IX:  Respondeat Superior Negligent Hiring Training Supervision

53.     Defendants Howard County, Howard County Sheriff's Department, City of Kokomo, Kokomo Police Department are liable for the assault and battery, intentional infliction of emotional distress, abuse of process, false imprisonment, negligent hiring, training, and supervision of their agents under the theory of *respondeat superior*.

### Count X: Unlawful Detainment Confinement or Detention

54.     Defendants Burton and Smith Defendants Burton and Smith unreasonably and intentionally detained Plaintiff without probable cause that Plaintiff had committed any infraction, misdemeanor, or felony worthy of the illegal punishment they gave him.

### Count XI: Malicious Prosecution

55.     Defendants acted with malice against the Plaintiff and caused legal action to be taken against the Plaintiff without probable cause to do so and the legal action taken against the Plaintiff was terminated in his favor.

**VI.     Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court:

A.  Award Plaintiff compensatory damages in an amount to be proven at trial;

B.  Award Plaintiff punitive damages against the non-municipal defendants in an amount to be proven at trial;

C.  Award Plaintiff attorney fees, costs, and prejudgment interest pursuant to 42 U.S.C. § 1988; and

D.  Award Plaintiff all other just and equitable relief.

E.  Award Plaintiff damages and relief pursuant to IC 34-24-3-2

**VII.     Jury Demand**

Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands trial by jury on all of his Counts.

**VII.     Tort Notice**

That Plaintiff's gave proper notice to all parties pursuant to the Indiana Tort Claims Act.

Respectfully submitted by:

FRED W. GRADY & ASSOCIATES, P.C.
Attorney for Plaintiff

By:

~~Blake~~ N. Dahl  (30576-64)
750 South Washington Street.
BMO-Harris Bank Building, Suite One
Valparaiso, IN 46383
Phone:  219-462-2460
Fax:  866-462-6197
E-Mail: BDAHL@FWGPC.com

### CERTIFICATE OF SERVICE

I certify that on the 17TH day of April, 2017, service of a true and complete copy of the above foregoing pleading or paper was made upon each party or attorney of record herein by US MAIL Certified

| **Jason Burton** | **City of Kokomo** | **Kokomo Police Dept.** | **Teresa Galloway** |
|---|---|---|---|
| 1500 S Armstrong St. | Greg Goodnight | Chief Robert Baker | 10663 E 1400 S |
| Kokomo, IN 46901 | 100 S. Union St. | 100 S. Union St. | Galveston, IN 46932 |
|  | Kokomo, IN 46901 | Kokomo, IN 46901 |  |

| **Jordyn Roach** | **Howard County Sheriff's Dept.** | **Roy Smith** |
|---|---|---|
| 601 W Defenbaugh St | 1800 W Markland Ave | 100 S. Union St |
| Kokomo, IN 46902 | Kokomo, IN 46901 | Kokomo, IN 46901 |

| **Howard County Indiana** | **Ezekiel Zimmerman** |
|---|---|
| 220 N. Main St. | 1800 W Markland Ave |
| Kokomo, IN 46902 | Kokomo, IN 46901 |

I further hereby certify that the foregoing document complies with the requirements of Trial Rule 5 (G) with regard to information excluded from the public record under Administrative Rule 9(G).

16

Filed Stamp Here

**CCS Entry Form**

HOWARD COUNTY CIRCUIT COURT

CAUSE NUMBER: 34C01-1704-PL-00364

CAPTION:
Brandon Shaffer and Andrew Roach
v.
City of Kokomo, Kokomo Police Dept., Howard County Sheriff's Dept., Howard County Indiana,
Jason Burton, Teresa Galloway, Jordyn Roach, Roy Smith, and Ezekiel Zimmerman

**RECEIVED**

MAY ~ 3 2017

Norris Choplin Schroeder LLP

```
FILED
IN OPEN COURT
APR 2 7 2017
Clerk Howard Circuit Court
```

The activity of the Court should be summarized as follows on the Chronological Case Summary
(CCS):

Appearance, Defendants' Motion for Initial Enlargement of Time to Respond to Plaintiffs'
Complaint and a proposed Order

**Submitting Attorney:**
Counsel for Defendants, City of Kokomo, Kokomo Police Dept., Jason Burton, Teresa Galloway, and Roy
Smith:
Bruce L. Kamplain, NORRIS CHOPLIN SCHROEDER LLP, 101 West Ohio Street, Ninth Floor,
   Indianapolis, IN  46204-4213, 317/269-9330; 317/269-9338 fax; bkamplain@ncs-law.com;

**Opposing Counsel:**
Blake N. Dahl, FRED W. GRADY & ASSOCIATES, P.C., BMO-Harris Bank Building, Suite One, 750 S.
   Washington Street, Valparaiso, IN  46383

Howard County Sheriff's Dept., 1800 W. Markland Ave., Kokomo, IN  46901

Howard County Indiana, Attn:  Board of Commissioners, 220 N. Main St., Kokomo, IN  46902

Jordyn Roach, 601 W. Defenbaugh St., Kokomo, IN  46902

Ezekiel Zimmerman, 1800 W. Markland Ave., Kokomo, IN  46901

*****************************************************
                 (TO BE DESIGNATED BY THE COURT)

This CCS Entry Form shall be:
( )     Placed in the file
( )     Discarded after entry on the CCS
( )     Mailed to all counsel by: ____ Counsel ____Clerk ____Court
( )     There is no attached order; or
        The attached order shall be placed in the RJO:  ____Yes ____No

Date: _____  Approved:_____
                                                          JUDGE

## CERTIFICATE OF SERVICE

I certify that on the 27th date of April, 2017, service of a true and complete copy of the above foregoing pleading was made upon each party or attorney of record herein by sending via U.S. first class mail.  I further hereby certify that the foregoing document complies with the requirements of Trial Rule 5 (G) with regard to information excluded from the public record under Administrative Rule 9(G).

Bruce L. Kamplain

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HOWARD CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF HOWARD | ) | CAUSE NO. 34C01-1704-PL-00364 |

BRANDON SHAFFER,                )
ANDREW ROACH                    )
                                )
        Plaintiffs,             )
                                )
    vs.                         )
                                )
CITY OF KOKOMO,                 )
KOKOMO POLICE DEPT.,            )
HOWARD COUNTY SHERIFF,          )
HOWARD COUNTY INDIANA,          )
JASON BURTON, in individual and )
in official capacity,           )
TERESA GALLOWAY, in individual  )
and in official capacity,       )
JORDYN ROACH,                   )
ROY SMITH, and                  )
EZEKIEL ZIMMERMAN               )
                                )
        Defendants.             )

**RECEIVED**

MAY − **3** 2017

Norris Choplin Schroeder LLP

**FILED**
IN OPEN COURT

APR 2 7 2017

Clerk Howard Circuit Court

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** Initiating _____   Responding _√_   Intervening _____

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):
      **City of Kokomo, Kokomo Police Department, Jason Burton, Teresa Galloway, and Roy Smith**

2.    **Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:**

      Name:__BRUCE L. KAMPLAIN__          Atty Number: __5065-49__
      Address: 101 West Ohio Street        Phone: _____317/269-9330_____
      _____Ninth Floor_____              FAX: _____317/269-9338_____
      _____Indianapolis, IN  46204-4213__  Email: bkamplain@ncs-law.com;

3.    **There are other party members:  Yes _√_  No _____**

4.  *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):  __NA__

5.  I will accept service by FAX at the above noted number:  Yes __√__  No ____
    I will accept service by EMAIL at the above noted email:  Yes____  No __√__

6.  This case involves support issues.  Yes ___  No _√_

7.  There are related cases:  Yes ____  No _√_

8.  This form has been served on all parties.
    Certificate of Service is attached:  Yes _√_  No ____

NORRIS CHOPLIN & SCHROEDER, LLP


_____
Bruce L. Kamplain (#5065-49)
Attorney for Defendants, City of Kokomo, Kokomo
Police Dept., Jason Burton, Teresa Galloway and
Roy Smith


NORRIS CHOPLIN & SCHROEDER, LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN  46204-4213
317/269-9330; 317/269-9338 (fax)
bkamplain@ncs-law.com

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via United States First Class Mail on April 27, 2017, to:

Blake N. Dahl
FRED W. GRADY & ASSOCIATES, P.C.
BMO-Harris Bank Building, Suite One
750 S. Washington Street
Valparaiso, IN  46383

Jordyn Roach
601 W. Defenbaugh St.
Kokomo, IN  46902

Howard County Sheriff's Dept.
1800 W. Markland Ave.
Kokomo, IN  46901

Ezekiel Zimmerman
1800 W. Markland Ave.
Kokomo, IN  46901

Howard County Indiana
Attn:  Board of Commissioners
220 N. Main St.
Kokomo, IN  46902

I hereby certify that the foregoing document complies with the requirements of Trial Rule 5 (G) with regard to information excluded from the public record under Administrative Rule 9(G).

Bruce L. Kamplain

3

STATE OF INDIANA       )            IN THE HOWARD CIRCUIT COURT
                   ) SS:
COUNTY OF HOWARD      )            CAUSE NO. 34C01-1704-PL-00364

BRANDON SHAFFER,            )
ANDREW ROACH             )
                   )
      Plaintiffs,          )
                   )
      vs.                  )
                   )
CITY OF KOKOMO,            )
KOKOMO POLICE DEPT.,      )
HOWARD COUNTY SHERIFF,   )
HOWARD COUNTY INDIANA,   )
JASON BURTON, in individual and )
in official capacity,           )
TERESA GALLOWAY, in individual )
and in official capacity,       )
JORDYN ROACH,           )
ROY SMITH, and            )
EZEKIEL ZIMMERMAN      )
                   )
      Defendants.        )

**RECEIVED**

MAY − 3 2017

Norris Choplin Schroeder LLP

**FILED**
IN OPEN COURT

APR 2 7 2017

Clerk Howard Circuit Court

### DEFENDANTS' MOTION FOR INITIAL ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendants, City of Kokomo, Kokomo Police Dept., Jason Burton, an individual and in official capacity, Teresa Galloway, in individual and in official capacity, and Roy Smith, by counsel, respectfully requests an initial enlargement of time to respond to Plaintiffs' Complaint, pursuant to Indiana Trial Rule 6(B)(1) and in support thereof states as follows:

      1.     Defendants were served with the Summons and Complaint by certified mail on or about April 21, 2017.

      2.     Defendants Answer to Plaintiffs' Complaint is due on or before May 14, 2017, time which has not passed.

      3.     No previous request for enlargement has been made by Defendants.

4.      Counsel for Defendants has just been retained to represent Defendants in this matter.  A thirty (30) day enlargement of time is reasonably necessary to allow counsel for Defendants sufficient time to investigate the issues and prepare a proper response to Plaintiffs' Complaint.

5.      This initial enlargement of time is not intended to be prejudicial to any party to this action and is not interposed for the purpose of mere delay, but rather, is reasonably necessary under the circumstances.

6.      With the granting of this Motion, Defendants' response to Plaintiffs' Complaint shall be due on or before June 13, 2017.

WHEREFORE, Defendants, City of Kokomo, Kokomo Police Dept., Jason Burton, an individual and in official capacity, Teresa Galloway, in individual and in official capacity, and Roy Smith, by counsel, respectfully move the Court for an initial enlargement of time to respond to Plaintiffs' Complaint through and including June 13, 2017, and for all other relief and proper in the premises.

NORRIS CHOPLIN & SCHROEDER, LLP


Bruce L. Kamplain (#5065-49)
Attorney for Defendants, City of Kokomo, Kokomo
Police Dept., Jason Burton, Teresa Galloway and
Roy Smith


NORRIS CHOPLIN & SCHROEDER, LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN  46204-4213
317/269-9330; 317/269-9338 (fax)
bkamplain@ncs-law.com

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed via United States First Class Mail on April 21, 2017, to:

Blake N. Dahl
FRED W. GRADY & ASSOCIATES, P.C.
BMO-Harris Bank Building, Suite One
750 S. Washington Street
Valparaiso, IN  46383

Jordyn Roach
601 W. Defenbaugh St.
Kokomo, IN  46902

Howard County Sheriff's Dept.
1800 W. Markland Ave.
Kokomo, IN  46901

Ezekiel Zimmerman
1800 W. Markland Ave.
Kokomo, IN  46901

Howard County Indiana
Attn:  Board of Commissioners
220 N. Main St.
Kokomo, IN  46902

I hereby certify that the foregoing document complies with the requirements of Trial Rule 5 (G) with regard to information excluded from the public record under Administrative Rule 9(G).

Bruce L. Kamplain

3

STATE OF INDIANA    )       IN THE HOWARD CIRCUIT COURT
                  ) SS:
COUNTY OF HOWARD  )       CAUSE NO. 34C01-1704-PL-00364

**RECEIVED**

MAY − 3 2017

Norris Choplin Schroeder LLP

BRANDON SHAFFER, )
ANDREW ROACH )
             )
    Plaintiffs, )
             )
vs. )
             )
CITY OF KOKOMO, )
KOKOMO POLICE DEPT., )
HOWARD COUNTY SHERIFF, )
HOWARD COUNTY INDIANA, )
JASON BURTON, in individual and )
in official capacity, )
TERESA GALLOWAY, in individual )
and in official capacity, )
JORDYN ROACH, )
ROY SMITH, and )
EZEKIEL ZIMMERMAN )
             )
    Defendants. )

**ENTERED**

MAY 0 1 2017

HOWARD CIRCUIT COURT

## <u>ORDER GRANTING DEFENDANTS MOTION FOR INITIAL ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT</u>

Defendants, City of Kokomo, Kokomo Police Dept., Jason Burton, an individual and in

official capacity, Teresa Galloway, in individual and in official capacity, and Roy Smith, by

counsel, has filed its motion for initial enlargement of time to answer or otherwise respond to

Plaintiffs' Complaint.

The Court, having read said motion and being duly advised in this matter, now grants said

motion.

IT IS THEREFORE ORDERED that Defendants shall have an initial enlargement of time,

to and including June 13, 2017, to answer or otherwise respond to Plaintiffs' Complaint.

Date: _____

_____
JUDGE, Howard County Circuit Court No. 1

Copies to:

Bruce L. Kamplain, NORRIS CHOPLIN SCHROEDER LLP, 101 West Ohio Street, Ninth
    Floor, Indianapolis, IN  46204-4213

Blake N. Dahl, FRED W. GRADY & ASSOCIATES, P.C., BMO-Harris Bank Building, Suite
    One, 750 S. Washington Street, Valparaiso, IN  46383

Howard County Sheriff's Dept., 1800 W. Markland Ave., Kokomo, IN  46901

Howard County Indiana, Attn:  Board of Commissioners, 220 N. Main St., Kokomo, IN  46902

Jordyn Roach, 601 W. Defenbaugh St., Kokomo, IN  46902

Ezekiel Zimmerman, 1800 W. Markland Ave., Kokomo, IN  46901

2

```
Wed May 03 2017 18:45:15                                    Page 1

                         CIVIL NOTICE                    RECEIVED
                     HOWARD CIRCUIT COURT

                                                         MAY ~ 8 2017

        SHAFFER ETAL V CITY OF KOKOMO ETAL
        34C01-1704-PL-00364                        Norris Choplin Schroeder LLP
------------------------------------------------------------------------


        TO: BRUCE L KAMPLAIN
            101 WEST OHIO ST, 9TH FL.
            INDIANAPOLIS IN 46204-4213




        --------------------------------------------------------------
              ATTORNEYS                            PARTIES
        --------------------------------------------------------------
                                            PLAINTIFF
         30576-64   BLAKE DAHL                 BRANDON SHAFFER
         29628-64   RUSSELL BROWN JR.
         30576-64   BLAKE DAHL                 ANDREW RACH
         29628-64   RUSSELL BROWN JR.

                                            DEFENDANT
         5065-49    BRUCE KAMPLAIN             CITY OF KOKOMO
         5065-49    BRUCE KAMPLAIN             KOKOMO POLICE DEPT
                                              HOWARD COUNTY SHERIFF DEPARTMENT
                                              HOWARD COUNTY INDIANA
         5065-49    BRUCE KAMPLAIN             JASON BURTON
         5065-49    BRUCE KAMPLAIN             TERESA GALLOWAY
                                              JORDYN ROACH
         5065-49    BRUCE KAMPLAIN             ROY SMITH
                                              EZEKIEL ZIMMERMAN
        --------------------------------------------------------------


        05/03/2017

        Russell W. Brown, Jr. files, by fax, Co-Counsel Appearance on behalf of
        the Plaintiffs.  bb
```